## McKINNEY et al. v. MEIER et al.
### No. 9295.

Court of Civil Appeals of Texas. San Antonio.

March 21, 1934.

J. M. Mothershead, of Harlingen, for appellants.

Osce Fristoe, of Harlingen, for appellees.

SMITH, Justice.

On October 5, 1932, Ernest Meier and another conveyed a twenty-acre citrus fruit orchard in Cameron county, to F. W. Moser, and as a part of the consideration therefor the latter gave Meier his note for $4,680, secured by both the vendor's lien and a deed of trust lien. Moser in turn conveyed the property to Maggie J. McKinney, subject to said liens, and the latter and her husband entered into possession of the property and still reside thereon as their homestead.

Early in the year 1933 Meier threatened to foreclose his deed of trust lien by procuring the trustee to sell the property under the terms of the deed of trust, but the sale was restrained under a writ of injunction issued by the district court.

In this situation Meier procured the appointment of a receiver to take charge of the orchard, collect and impound the revenues therefrom, and properly care for the fruit trees against alleged neglect and deterioration, and by this means conserve the creditor's security. Mrs. McKinney, joined pro forma by her husband, has appealed from the order appointing a receiver.

In his application for a receiver Meier alleged: "That on October 5th, 1932, the time this defendant sold and conveyed said property to the said F. W. Moser, there was then growing on said lands a large number of citrus fruit trees, that said trees at said time had been carefully looked after and attended by this defendant and kept in a healthy and growing condition. That since this defendant sold said property, said lands and citrus fruit trees have been neglected and have not had proper care or attention, nor have the same been watered or cultivated in the manner necessary for the normal or healthy growth of said trees, and as a result thereof, this defendant says that said trees are rapidly deteriorating and are in great danger of dying from infestation and in this connection, this defendant further says that said trees have not been watered, sprayed or pruned since October 5th, 1932. That in order to produce marketable citrus fruit from trees, it is essential to cultivate, water, spray and prune citrus fruit trees, and that said trees should have been given this care and attention during the past winter and long prior to the filing of the Motion, and as a result of the lack of said care, this defendant says that said trees are badly infected with gummosis; that unless said trees have immediate proper attention, the fruit crop growing thereon will be of very inferior grade and said trees will be greatly damaged. Defendant further says that the principal value of said property is in said trees, and that the bare land would be of very little actual value. That unless a suitable person is appointed by the Court to take charge, properly look after and care for said trees and said land, this defendant has ample reason to believe and does believe that plaintiff will continue to neglect said property, and not give the same the care and attention necessary: That if said property continues to be neglected as it has been since October 5th, 1932, that the property will not be of sufficient value to pay this defendant the indebtedness secured by lien thereon as above set forth. This defendant says that said property, taking into consideration the serious condition of the trees, is now not of sufficient value to equal the amount of said indebtedness held by him."

Appellants have brought forward seven propositions of law based upon a like number of assignments of error, but have briefed only the first proposition and assignment, which are, in effect, that the application for the appointment of a receiver was subject. to the general demurrer urged against it. The question of the sufficiency of appellants' special exceptions, or of the evidence to support the judgment, is not briefed, and, being thereby waived, will not be considered.

We are of the opinion that the application was good as against the general demurrer, and that the trial judge was warranted in hearing evidence in order to determine the merits of the case, and, he having done so, and there being no error assigned against his findings thereon, those findings are binding upon this court.

It is urged by appellants that appellees alleged nothing to negative the existence of any adequate alternative remedy, but we conclude the application was sufficient for that purpose. Appellee alleged (and presumably proved) the debt, the existence of a valid lien, the neglect, as well as substantial and progressive deterioration of the security, and the probable imminent destruction of the value of the security, if not conserved by a receiver. Appellee had been enjoined from pursuing his remedy of foreclosure. The remedy of prohibitory or mandatory injunction restraining appellants from neglecting the security, or commanding them to properly care for and conserve it is of course unavailable. In such case receivership was the only alternative, and the obvious one.